Good morning, Dennis Blackhurst on behalf of Obeidalla and Intisar Birair and their five children. Can everyone hear me okay? Yes, sir. Yes This case is... Okay, thank you. This case is a case involving the wrongful removal of five children from their parents The Birairs on summary judgment the court Entered summary judgment in favor of the plaintiffs against the Case workers who removed the children and dismissed all of the claims against the police officer that was there on the scene When the children were removed, we've appealed the dismissal of the claims against the police officer Officer Flam I'd like to focus on the wrongful removal aspect of the case The police officer is entitled to qualified immunity if he can establish that he did not violate any clearly established civil rights I believe the facts of the case established everything that we need to proceed to trial against officer Flam The clearly established law of the Ninth Circuit is that Children are going to be removed from their parents with a court order or an exigent circumstances They have to have an exigent circumstances means that you have to have Evidence or Belief that the children are going to be harmed or abused in the time. It would take you to obtain a court order in this case Officer Flam arrived at the home There was a stalemate between the case workers and the parents about the removal of the children in their drive They were in the driveway officer Flam came up. First thing the parents tell officer Flam They're trying to take away our children. We need to see a court order. That's the first thing the parents say to officer Flam There was an exchange officer Flam tells them to be quiet or he's going to take them to jail for interrupting the case workers Doing their job and he tells them to stop being silly right off the bat The the case law of the Ninth Circuit the Calabretic case in particular provides that Officers are presumed to know the law They're presumed to understand it officer Flam at his deposition testified that he understood the law that he'd had 18 years of Studying search and seizure cases. He understood it He knew he testified he admitted that he knew that there was no court order The Ferrer's told him there was no court order. He understood it. He didn't he testified He said there was nothing that led me to believe that there was a court order He also testified Isn't the isn't the point that he at least under the cases he was relying on The social services team that was there and we have we have this case Scherzit, which was discussed in the briefs and so At least in light of that How can you say that it was a clearly established violation of law? Understood and glad we're going to the Scherzit case. The Scherzit case says that the police officer can rely on other Other state workers, but it requires the police officer to conduct a reasonable investigation He has to know the basis for the removal He knew that he admitted that he knew there was no court order and he admitted that he knew that there were no exigent Circumstances. All he had to do was say to those case workers Do you have a court order and they would have said no and he said well What's your basis and then they would have had to explain what it was in the Scherzit case the police officers at the scene The police officers at the scene were involved in a conversation between the case workers and the parent where the case workers Explained exactly what the basis was for the removal and they had a reasonable reason to trust What the case workers were saying that didn't happen here. He was told there was no court order He testified he didn't think that there were exigent circumstances I'd like to draw your attention There's a new case that came up as I was preparing for oral argument a Northern District of California case It's AMK versus Contra Costa County. It's not in our brief I emailed Opposing counsel on Friday to let him know that I might be using this is 2019 WL 4 6 0 1 6 0 6 against it again. It's AMK versus Contra Costa County similar case where police officers assisted in the removal of special needs children from their parents and They talked about the Scherzit case in the district court Noting that it is well established that law enforcement officers and agencies are entitled to rely on one another to a certain extent The court found that the officers did not act blindly at the instruction of DHS But instead had knowledge of the key details that informed DHS's determination So they're discussing the same facts with respect to the Scherzit case these details included the children's mother testing positive for methamphetamine and other drugs shortly before the children's removal and the mother's prior conviction for child endangerment the officers had also witnessed the parents refusals to allow the Officials to meet with or speak with the children and knew that a warrant could not be obtained for at least 36 hours Under such circumstances the court concluded that the officers reliance on DHS's instruction was objectively reasonable That's how we read the Scherzit case exactly the same the officers there had a reason to Understand what the case workers were doing and then it goes on it says contrary to defendant suggestion Scherzit does not stand for the proposition that officers are per se immune from liability When they rely on the assertions of social workers and removing children from their homes Counsel, may I ask a question? Yes, Judge Schroeder. It was I've watched the video It was it's my understanding that the police officer had been there before with the day before when one of the children had fallen into the pool and that one of the children who was Autistic I think was running around At the time without any clothes on and This officer did not actually go into the house and take the children now are all those things correct that is correct, okay? Don't those facts make a difference here They give the officers some reason to believe that there were problems problems does not justify removal he's still stuck with federal law that says court order or exigent circumstances one of the key points that the trial judge made with respect to the case workers was that The the case workers all testified that they were concerned about Muhammad the oldest child Because he's very and I've I know this child. He's he's not real. He has challenges. He's he's He's very difficult. That's where their concern was. They testified that they were concerned about the parents Ability to control Muhammad there are four other children that were removed they were all removed in one shot Maybe there is maybe you say there's a legitimate concern for Muhammad But Arizona lies is crystal clear that they have to have a separate basis to remove each child They have to do a separate analysis for each child and why they are at risk in the parents custody So even if even if officer phlegm had some reason to think well They can't control Muhammad That doesn't justify the removal of the other four children which child had fallen into the pool a younger brother named Mustafa Father was right there retrieved him immediately no harm to the child I'd like to reserve the remainder of my time Thank You. Mr. Blackhurst, mr. Reed You All right, I believe I've taken it off mute your honors good morning, may it please the court My name is Jason Reed and I represent officer phlegm in this matter The court should have heard the district courts order because officer phlegm didn't commit a constitutional violation And he didn't violate clearly established law and as a result he'd be entitled to qualified Like mr. Blackhurst, I'll focus on the removal of the children I think the primary problem with the analysis of plaintiffs is they want to lump officer phlegm together with BCS Employees the people who made the decision and who actually effectuated the removal of the children SERSAP rejected that analysis. They said that we're not going to analyze whether it was appropriate or not appropriate to remove the children Because that does not accurately analyze the role that the police officer served in that matter In SERSAP, they looked at three primary factors one the child protective agency Which is DHS in that situation were they authorized to conduct an investigation and to make a child protective custody determination? In fact, they were two Did they make the decision without the involvement of the law enforcement officers who are on scene to remove the children? They did and then three and this is different from our case the officers Who eventually entered the house without a warrant and who physically removed the children from the house from the warrant? Was their reliance on the DHS's opinions or DHS decision Reasonable or was their reliance appropriate? In this case looking at those factors It clarifies that the district court properly granted qualified immunity to officer phlegm  DCS the child protective agency in Arizona Clearly has statutory authority to conduct investigations and to remove children from their homes if an adequate basis exists To they are the ones who made the decision to remove the Barrera children in this circumstance That is undisputed. That was part of a request for admission that were served on cleanup They admitted the officer phlegm had no involvement in the decision to remove the children from this house then third The issue that came up in sure step was was the officers warrantless entry into the house to help remove the children Reasonable in reliance, but in this case, we don't even get there because officer phlegm admittedly never went into the house He didn't make the decision to remove the children and he did not physically remove the children from the house as you can see from The video he was there for safety purposes to ensure that nothing Untoward happened nothing got challenging. I think that both sides Testified that especially in these circumstances when children are being removed from the home. They can be dangerous They can be emotionally charged They can be challenging and at that point an officer who has not been involved in investigation or otherwise That's going to come in and establish those parameters control the scene if you will But again, that was the extent of officer flam's investigation So as such to the first part did he go into the home without a warrant? No, did he remove the children? No, did he make the decision to remove the children? No At that point he is not committed to constitutional violation and the first part of you satisfied for the qualified immunity Recognizing that plaintiff has suggested in a briefing Excuse me that he was an integral participant But again, the Ninth Circuit law integral participation is quite clear that merely being present at the scene Isn't sufficient to impose liability Just being at the scene won't allow plaintiff to group all the people together When a basis otherwise doesn't exist if we look at sure said again They are looking for things like was there a collective decision process? Was there a prior briefing? Was this a collective team and based on the facts including the admissions and the request for admissions and the video? There wasn't a collective effort Officer flam was dispatched subsequently. I mean the DCS got there first They're trying to do their jobs On whatever basis they felt was appropriate. Officer Flamoy got dispatched later on. There was no pre-briefing Pre-decision otherwise and as such as a matter of law, he cannot be considered an integral participant in the removal of the children counsel and was am I correct that the The social workers were also sued and that that case is settled so that we have only Yes, your honor that is accurate at at the end of discovery The defendants meaning officer flam from the Mesa Police Department and the DCS employees and DCS both move for summary judgment The summary judgment was granted in favor of officer flam for the reasons. It's been briefed. Obviously the motion for summary judgment was actually denied as to DCS and entered in favor as the plaintiffs and Subsequently officer flam wasn't involved. That's my understanding. They subsequently went to mediation and were able to settle that Thank you Another aspect of plaintiff's argument is the duty to investigate One of the elements is officers flam should have verified whether or not there's a warrant But that doesn't really resolve the issue because again looking at sure set There wasn't a warrant to remove the children and the officer were still entitled to qualified immunity Because the officers verified that the Child Protective Agency in that circumstance had made the decision to remove the children It's undisputed here that by the time officer flam arrived at the Brewer household. They had made the decision to remove the children They have temporary custody notice, which at the time there's a lot provided that absent warrant that was one of the documents that the the DCS would provide and a hearing would occur shortly thereafter as a For lack of a better word a post deprivation hearing But in the event officer as you can tell from the video Verified that DCS had in fact made the decision to remove the children Which is what strongly distinguishes this case even from Wallace. In Wallace law enforcement officers were held accountable or at least went to trial with regard to whether or not they appropriately relied on DCS to remove the children. As Discovery went through that case. It was determined that DCS had never made the decision to remove the children They had never moved for a protected custody order or otherwise. And so it's recognized in search that it was different The officers in Wallace did not verify anything. They actually acted in the absent direction from DCS. In contrast here It's simply undisputable based on the video that officer flam knew that DCS had made the decision to remove the children At that point we again look at what what Arizona law provides Does DCS empower to conduct these investigations and to make those removal decisions. If it is Looking more at the search that analysis. They look to see whether the Arizona statutes required an officer to either reinvestigate And or refuse to cooperate. They do not. That was one of the factors that the search that court found it persuasive In reaching those decisions the court announced its policy simply that when an officer has not involved in the decision To remove the children doesn't go in the house to remove the children and otherwise doesn't commit a constitutional violation They're not going to be put in a catch-22 of the Following what DCS says and taking the children or refusing to cooperate DCS and potentially endangering the children The Ninth Circuit has removed that from the table. The officer who is not involved will not be put in a catch-22 And the quote they say they don't have a duty to verify the legality of their decision to remove They don't have to second-guess DCS and to say to suggest that the law was clearly established So to eliminate officer flange reliance on the qualified immunity analysis There was clearly established at the time of the incident is improper because sure set which was issued a year later Clarified that the contours of this law weren't clearly established You can't argue that things were clearly established a year before an opinion to specify that it wasn't clearly established I asked you a question about the excessive force Yes, ma'am in in your view what justified officer flam Handcuffing the father and putting into making him lie on the ground That was a primarily a safety concern I think again going back to what both parties recognized these types of circumstances are difficult. I mean, there's no doubt And it was a very Foster flam knows that he knows that they can be emotional and potentially dangerous a parent might do something that otherwise they might not do Plus as he gets the call to be dispatched to the house He's being told that the prayers are confrontational that they're resistant that they're not cooperating with the DCS employee When he gets there, he confirms their upset mrs We're suggested on video that she was going to go into the house and barricade their children Barricade the children can often result in a very dangerous situation Then we have officer flam Remain outside for the purpose of safety. He wanted to protect the bears for errors DCS and himself So he ordered everyone to stay outside Mr. Barrera did not follow those instructions and made a move to go inside and inside It's difficult to predict what may be in there. Could there be a weapon? Absolutely knives tools Otherwise, they're also could create the barricade situation. So at that point move to go inside. That was that Justified the handcuffing Yes, so what because those types of circumstances where it be characterized as a search or maintain the scene Officers are provided wide discretion to control those scenes including the use of handcuffs to control scenes It's it's I've cited a variety of cases both from the Ninth Circuit and from the street Supreme Court on that issues And it really is a safety issue on those ideas to control the scene. I see my time is done So I'd simply ask the court to affirm the district court's order. Thank you. Thank you. Mr. Reid Mr. Blackhurst rebuttal quickly Integral participant rule. I think officer phlegm clearly was an integral participant. Nothing what had happened before he arrived He restrained mr. Brer He kept mrs. Brer out of the way while the while the children were removed He actually drove Muhammad in his police officer to to DCS He was an integral participant the caseworkers in their notes Said that officer phlegm helped with the removal wouldn't have happened without it Mr. Blackhurst what? even if an inquiry had been made by The officer and he determined that the removal wasn't warranted. What are you expecting him to do if DCS? Decides to go ahead and remove the children. Is he simply to abandon them even if the even if there's escalating anger or violence If someone's trying to come into my house and there's a police officer there and There's no justification for it. I Try to put myself in the barriers position. What are they supposed to do? They tell them they ask the police officer to help and he has to make that decision. I understand. It's a difficult position I understand it's a it's a difficult Call but he's the first line of defense between the barriers and an unconstitutional removal of their children Mr. Reid rightfully talks about how emotional this is. I have five children I don't know what I would do in that situation But I I certainly would feel that I was justified to go in my house and shut the door He's Part of it. He's part of the system He's got to be held responsible and be expected to understand what the what the law provided for the Wallace case in the Wallace case The police officers got a call from Child Protective Services and were told that there was a court order to remove the children Because he was going to sacrifice them to Satan the father was going to sacrifice them. They went and removed the children They weren't he was not those police officers were not granted Immunity under that circumstance because they didn't do anything to check. That's what our situation is here Maybe he's off the hook if he just says hey, what are you? What are you doing? You don't have a court order and then he then they call They call the county attorney. They call someone to find out. I think your time is up And so I don't I don't want to cut you short My colleagues have other questions, but I want to I want to mind our time limits if Judge Schroeder and Judge McShane don't have further questions I think we'll go ahead and submit the case. Thank you so much Thank you counsel on both sides. We appreciate it. The case is submitted. Thank you
judges: Schroeder, Bress, McShane